UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRICKLAYERS AND ALLIED CRAFTWORKERS
LOCAL 2, ALBANY NEW YORK PENSION FUND, by its
Administrator, Stephen J. O'Sick; BRICKLAYERS AND
ALLIED CRAFTWORKERS LOCAL 2, ALBANY NEW
YORK HEALTH BENEFIT FUND, by its Administrator,
Stephen J. O'Sick; BRICKLAYERS AND ALLIED
CRAFTSMAN LOCAL 2 ANNUITY FUND, by its
Administrator, Stephen J. O'Sick; BRICKLAYERS AND
ALLIED CRAFTWORKERS LOCAL 2 ALBANY, NEW
YORK EDUCATION & TRAINING FUND, by its Trustees,
Robert Mantello, Pasquale Tirino, Kevin Potter, Luke Renna,
Thomas Marinello, Todd Helfrich and Laura Regan;
BRICKLAYERS AND TROWEL TRADES INT'L
PENSION FUND, by David Stupar, Executive Director; and
BRICKLAYERS AND ALLIED CRAFTWORKERS
LOCAL 2, ALBANY NEW YORK, AFL-CIO, by Robert
Mantello, President,

       Plaintiffs,

v.                   1:16-CV-0610
                    (GTS/GLS)

NORTHEASTERN SPECIALTY SYSTEMS, INC.; GREGORY
EARHART, individually and as an Officer of Northeastern
Specialty Systems, Inc.; NORTHEASTERN SURFACING INC.;
and CHRISTY L. BARTON, individually and as an Officer of
Northeastern Surfacing, Inc.,

       Defendants.
_____

APPEARANCES:            OF COUNSEL:

BLITMAN & KING           JENNIFER A. CLARK, ESQ.
 Counsel for Plaintiffs
443 North Franklin Street
Syracuse, NY 13204

GLENN T. SUDDABY, Chief United States District Judge

**DECISION and ORDER**

Currently pending before the Court, in this civil action filed by the six above-captioned entities ("Plaintiffs") against the four above-captioned entities and individuals ("Defendants"), is Plaintiffs' motion for default judgment pursuant to Fed. R. Civ. P. 55(b). (Dkt. No. 21.) For the reasons stated below, Plaintiffs' motion is granted.

## I. RELEVANT BACKGROUND

### A. Plaintiffs' Complaint

Liberally construed, Plaintiffs' Complaint asserts the following claims against Defendants: (1) a claim that Defendants are delinquent on payments according to the Collective Bargaining Agreements that they entered into with Plaintiffs; (2) a claim that Defendant Northeastern Specialty Systems, Inc. ("NSSI") and Defendant Northeastern Surfacing Inc. ("NSI") are liable to Plaintiffs in the amount of $349,434.36; (3) a claim that Defendants Gregory Earhart and Christy Barton are liable to Plaintiffs in the amount of $138,084.10; and (4) a claim that Plaintiffs are entitled to an order directing Defendants to produce their books and records for audit. (*See generally* Dkt. No. 1.)

Generally, in support of those claims, Plaintiffs' Complaint alleges as follows: (1) Defendant NSSI entered into four Collective Bargaining Agreements with Plaintiffs starting in June of 2000; (2) Defendant NSSI was required to submit reports and remit contributions to Plaintiffs' funds for each hour of work performed by NSSI employees as per the Agreements; (3) Defendant NSSI failed to remit the proper fringe benefit contributions, deductions, and reports to Plaintiffs; (4) Defendant NSI entered into a Collective Bargaining Agreement with Plaintiffs in May of 2005; (5) Defendant NSI was required to submit reports and remit contributions to Plaintiffs' funds for each hour of work performed by NSI employees as per the Agreement; (6)

Defendant NSI failed to remit the proper fringe benefit contributions, deductions, and reports to Plaintiffs; (7) Defendants NSSI and NSI are liable for each others debts because NSSI and NSI are alter egos of each other; (8) Defendants Gregory Earhart and Christy Barton had managerial discretion over Defendants NSSI and NSI, and made decisions to withhold monies form Plaintiffs' funds; and (9) Defendants Earhart and Barton withheld monies from Plaintiffs' funds and used such money to pay other debts and for their own personal benefit. (*Id*.)

### B. Plaintiffs' Service of Their Complaint and Defendants' Failure to Answer

On June 14, June 20, and June 29, 2016 Plaintiffs served their Complaint on Defendants. (Dkt. Nos. 5-8.) As of the date of this Decision and Order, Defendants have filed no Answer to that Complaint. (*See generally* Docket Sheet.)

### C. Clerk's Office's Entry of Default and Defendants' Non-Appearance

On August 1, 2016, Plaintiffs filed a request for a Clek's entry of default. (Dkt. No. 10.) On August 2, 2016, the Clerk of the Court entered default against Defendants, pursuant to Fed. R. Civ. P. 55(a). (Dkt. No. 12.) As of the date of this Decision and Order, Defendants have not appeared and attempted to cure that entry of default. (*See generally* Docket Sheet.)

### D. Plaintiffs' Motion for Default Judgment and Defendants' Non-Response

On February 1, 2017, Plaintiffs filed a motion for default judgment against Defendants, pursuant to Fed. R. Civ. P. 55(b). (Dkt. No. 21.) As of the date of this Decision and Order, Defendants have filed no response to that motion. (*See generally* Docket Sheet.)

Generally, in support of their motion for default judgment, Plaintiffs argue as follows: (1) Defendant Earhart was required to submit his answer to the Summons and Complaint by July 5, 2016; (2) Defendant NSSI was required to submit its answer to the Summons and Complaint by

July 5, 2016; (3) Defendant Barton was required to submit her answer to the Summons and Complaint by July 20, 2016; (4) Defendant NSI was required to submit its answer to the Summons and Complaint by July 11, 2016; (5) the time for Defendants to answer or otherwise move has not been extended, and the time for Defendants to answer or otherwise move as to the Complaint has expired; (6) final judgment is necessary because Defendants' violation of their obligations have reduced the corpus of Plaintiffs and reduced Plaintiffs' income; and (7) any delay in allowing Plaintiffs to enforce their debt may result in the debt being uncollectible. (Dkt. Nos. 10, 21.) Familiarity with the particular grounds for Plaintiffs' motion for default judgment against Defendants is assumed in this Decision and Order, which is intended primarily for review of the parties.

## II.   RELEVANT LEGAL STANDARD

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." *Robertson v. Doe*, 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008). "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'" *Robertson*, 2008 WL 2519894, at *3 (quoting Fed. R. Civ. P. 55[a]). "Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court." *Id*. "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." *Id*. (citing Fed. R. Civ. P. 55[b][2]). "When an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

When a court considers a motion for the entry of a default judgment, it must "accept[ ] as true all of the factual allegations of the complaint . . . ." *Au Bon Pain Corp. v. Artect, Inc*., 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted). "However, the court cannot construe the damages alleged in the complaint as true." *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds v. Catone Constr. Co., Inc*., 08-CV-1048, 2009 WL 4730700, at *2 (N.D.N.Y. Dec. 4, 2009) (Scullin, J.) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 [2d Cir. 1999] [citations omitted]). "Rather, the court must 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, 2009 WL 4730700, at *2 (quoting *Alcantara*, 183 F.3d at 155 [citation omitted]). This inquiry "involves two tasks: [1] determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's evidence supporting the damages to be determined under this rule." *Alcantara*, 183 F.3d at 155. Finally, in calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action . . . ." *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

## III. ANALYSIS

### A. Liability

After carefully considering Plaintiffs' unopposed motion, the Court is satisfied that Plaintiffs have met their modest threshold burden of establishing entitlement to default judgment against Defendants on the issue of liability, under the circumstances.[1] The Court notes that Plaintiffs' motion would survive even the heightened scrutiny appropriate on a contested motion.

---

[1] In this District, a movant's burden with regard to an unopposed motion is lightened such that, in order to succeed, the movant need only show its entitlement to the relief requested in its motion, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1 n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases).

5

For example, for the reasons stated above in Part I of this Decision and Order, the Court finds that due notice of this action has been given to Defendants. However, no Answer has been filed and no one has appeared on behalf of Defendants. In addition, the Clerk has already entered default against Defendants, and Plaintiffs have served Defendants with their motion for the issuance of default judgment. However, Defendants have still neither responded to the motion nor appeared in this action. Finally, the Court finds that the factual allegations of the Plaintiffs' Complaint are sufficient to state a claim upon which relief can be granted. *See W.A.W. Van Limburg Stirum et al. v. Whalen et al.*, 90-CV-1279, 1993 WL 241464, at *4 (N.D.N.Y. June 29, 1993) (Munson, J.) (holding that, "[b]efore judgment can be entered, the court must determine whether plaintiff's factual allegations are sufficient to state a claim for relief . . . the court may exercise its discretion to require some proof of the facts that must be established in order to determine liability").

For each of these alternative reasons, the Court grants Plaintiffs' motion for the issuance of default judgment on the issue of liability pursuant to Fed. R. Civ. P. 55(b).

**B.    Damages**

After carefully considering Plaintiffs' unopposed motion, the Court is satisfied that Plaintiffs' have met their burden of establishing a valid basis for the damages they seek with regard to money damages and an injunction, under the circumstances. The Court notes that, while a hearing to fix the amount of damages may be conducted,[2] a hearing is not required where

---

[2]    Fed. R. Civ. P. 55(b).

the Court has found that there is a basis for the damages specified in the default judgment.[3] Here, the Court has made such a finding.

For example, in support of its damages request, Plaintiffs have provided, *inter alia*, an affidavit establishing that Defendants NSSI and NSI are indebted to Plaintiffs in the amount of $330,718.49. (Dkt. No. 21, Attach. 2.) More specifically, this sum consists of $134,484.58 in contributions and deductions,[4] $68,884.59 in interest,[5] and $127,349.32 in liquidated damages.[6]

Furthermore, Plaintiffs' affidavit establishes that Defendants Gregory Earhart and Christy Barton are indebted to Plaintiffs in the amount of $119,421.03. (Dkt. No. 21, Attach. 2.) More specifically, this sum consists of $108,478.29 in unpaid contributions and deductions,[7] and

---

[3] *See Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) (noting that "it [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in the default judgment"); *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993) (noting that it is "not necessary for the district court to hold a hearing to fix damages after a default judgment had been entered where the court had 'relied upon detailed affidavits and documentary evidence supplemented by the District Judge's personal knowledge of the record gained during four years involvement with the litigation . . .'"); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991) (concluding that, where district judge was "inundated with affidavits, evidence, and oral presentations" a full evidentiary hearing was not necessary).

[4] The sum of $134,484.58 consists of $76,400.69 for the first cause of action against Defendant NSSI, and $58,083.89 for the third cause of action against Defendant NSI.

[5] The sum of $68,884.59 consists of $20,643.35 for the first cause of action against Defendant NSSI, $17,976.97 for the second cause of action against Defendant NSSI, $15,901.32 for the third cause of action against Defendant NSI, and $14,362.95 for the fourth cause of action against Defendant NSI. All interest is calculated as of February 1, 2017.

[6] The sum of $127,349.32 consists of $16,785.74 for the first cause of action against Defendant NSSI, $45,860.93 for the second cause of action against Defendant NSSI, $13,390.85 for the third cause of action against Defendant NSI, and $51,311.80 for the fourth cause of action against Defendant NSI.

[7] The sum of $108,478.29 consists of $60,629.91 for the eighth and ninth causes of action against Defendant Earhart, and $47,848.38 for the eighth and ninth causes of action against Defendant Barton.

$10,942.74 in lost investment income.[8]

Finally, Plaintiffs' affidavit establishes that all Defendants are jointly and severally indebted to Plaintiffs in the amount of $11,898.81 in attorneys fees and costs. More specifically, this sum consists of 23.35 hours of partner work at $210 an hour (amounting to $4,903.50), 68.69 hours of paralegal work at $80 an hour (amounting to $5,495.20), and $1,500.11 in costs.[9]

For all of these reasons, the Court concludes that Plaintiffs have met their burden of establishing a valid basis for the damages, and that default judgment against Defendants is appropriate.[10]

**ACCORDINGLY**, it is

**ORDERED** that, Plaintiffs' motion for default judgment against Defendants (Dkt. No. 10) is **GRANTED**; and it is further

---

[8] The sum of $10,942.74 consists of $6,666.55 for the eighth and ninth causes of action against Defendant Earhart, and $4,276.19 for the eighth and ninth causes of action against Defendant Barton.

[9] Although Plaintiffs request reimbursement of their attorneys' work at an hourly rate of $282, the Court finds an hourly rate of $210 to be more appropriate under the circumstances (including the complexity and difficulty of the case, the resources required for effective prosecution of the case, the case's timing demands, the attorney's interest in achieving the ends of the litigation, the nature of representation, and the type of work involved in the case); similarly, although Plaintiffs request reimbursement of their paralegal's work at an hourly rate of $154, the Court finds an hourly rate of $80 to be more appropriate under the circumstances. *See, e.g., Upstate New York Eng'rs Health Fund v. Dipizzio Constr. Co., Inc.* 14-CV-1539, 2017 WL 3016834, at *9-10 (N.D.N.Y. July 14, 2017) (D'Agostino, J.); *Upstate New York Eng'rs Health Fund v. S. Buffalo Elec., Inc.*, 15-CV-0903, 2017 WL 1192178, at *4 (N.D.N.Y. March 29, 2017) (Kahn, J.).

[10] *See Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, 2009 WL 4730700, at *3-4 (finding, in an unopposed motion for default judgment based on an ERISA claim, that plaintiffs were entitled to unpaid contributions, interest on unpaid contributions, liquidated damages, and audit fees in amounts that plaintiffs claimed they were entitled to pursuant to the parties' agreement and/or 29 U.S.C. § 1132[g][2][C]).

**ORDERED** that, in accordance with 29 U.S.C. § 1132(g)(2) and 29 U.S.C. § 1145, judgment be entered herein by the Clerk of the Court in favor of Plaintiffs and against Defendant Northeastern Specialty Systems, Inc., and Defendant Northeastern Surfacing, Inc., for the sum of $330,718.49 in fringe benefit contributions, deductions, interest, liquidated damages, and audit fees, plus interest thereon from February 1, 2017, in accordance with 28 U.S.C. § 1961(a); and it is further

**ORDERED** that, in accordance with 29 U.S.C. § 1109 and 29 U.S.C. § 1132(g)(1), judgment be entered herein by the Clerk of the Court in favor of Plaintiffs and against Defendant Gregory Earhart and Defendant Christy Barton for the sum of $119,421.03 in fringe benefit contributions, interest, and audit fees, plus interest thereon from February 1, 2017, in accordance with 28 U.S.C. § 1961(a); and it is further

**ORDERED** that judgment be entered herein by the Clerk of the Court in favor of Plaintiffs and against all Defendants for the sum of $11,898.81 in attorneys fees and costs plus interest thereon from February 1, 2017, in accordance with 28 U.S.C. § 1961(a); and it is further

**ORDERED** that Defendants be required to produce their books and records for the period January 1, 2011, to date for Plaintiffs' review and audit, to pay for the cost and expense of any such audit, and (if the services of attorneys and paralegals are necessary to obtain the audit) to pay all reasonable attorneys' and paralegal fees and costs incurred to obtain that audit.

Plaintiff is directed to serve a copy of this Order and the Judgment on Defendants via regular mail.

Date: August 30, 2017
Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge